IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| JON ALLAN SISCO, | § | CASE NO. 04-30608-H4-7 |
| | § | ADVERSARY NO. 04-3252 |
| Debtor. | § | |

| | | |
|---|---|---|
| ERIC YOLLICK, Dependent | § | |
| Administrator of the Estate | § | |
| of Herbert Clinton Sisco, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1421 |
| | § | |
| JON ALLAN SISCO, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Eric Yollick, seeks leave under 28 U.S.C. § 158 and Bankruptcy Rule 8003 to appeal the Bankruptcy Court's March 14, 2005, Order granting leave to Jon Allan Sisco (Sisco) to file debtor's counterclaim, to extend scheduling order dates/deadlines, and to continue trial. Pending before the court is Yollick's Motion for Leave to Appeal (Docket Entry No. 46 in the Adversary Action). For the reasons explained below, Yollick's Motion for Leave to Appeal will be denied, and this action will be dismissed.

## I.  Factual and Procedural Background

Yollick is the court appointed Dependent Administrator for the estate of Sisco's deceased father, Herbert Clinton Sisco, pending in the Probate Court of Montgomery County, Texas.[1]  On March 29, 2004, Yollick filed an adversary action against Sisco in which he alleged, <u>inter alia</u>, that Sisco is ineligible for discharge "because of his fraud and misconduct while acting in a fiduciary capacity as guardian and 'pseudo-administrator'" of his father's estate.[2]  On January 24, 2005, Sisco sought leave to file counterclaims against Yollick.[3]  On March 14, 2005, the Bankruptcy Court granted Sisco's motion for leave to file counterclaim in an Order that states

> [t]he Court has reviewed the Debtor's Motion for Leave to File Counterclaim; and, to Extend Scheduling Order/Deadlines and to Continue Trial (the Motion).  The Court finds that the Motion is meritorious and should be granted.  The Court further finds that the Motion should be granted because it is in the best interest of creditors of the Chapter 13 estate and the Debtor.  Further, the Court finds that the counter-claim asserted by the Debtor is a counter-claim against a person — i.e., Eric Yollick — who has filed a claim against the Debtor's estate; therefore, the Court has jurisdiction to

---

[1] The probate proceeding is <u>In re Estate of Herbert Clinton Sisco</u>, Cause No. 01-19407-P, pending in Probate Court No. 3 of Montgomery County, Texas.  See Debtor Jon A. Sisco's Response to Eric Yollick's Motion for Leave to Appeal, Docket Entry No. 57 in Adversary Action No. 04-3252 (Adversary Action).

[2] See Objection and Exception to Discharge and Original Complaint, Docket Entry Nos. 1 and 2 filed in the Adversary Action, pp. 7-8.

[3] See Debtor's Motion for Leave to File Counter-Claim; and, Motion to Extend Scheduling Order Dates/Deadlines and To Continue Trial, Docket Entry No. 18 in the Adversary Action.

> adjudicate the counter-claim pursuant to 28 U.S.C. § 157(b)(2)(C). Additionally, the Court finds that the counter-claim asserted by the Debtor against Eric Yollick could conceivably have an effect on the Debtor's estate; therefore, the Court has jurisdiction to adjudicate the counter-claim pursuant to 28 U.S.C. § 157(b)(2)(A) and 28 U.S.C. § 157(b)(2)(O). It is therefore:
>
> ORDERED that the Debtor shall be allowed to file a counter-claim against Eric Yollick; and it is further
>
> ORDERED that as of the date of the signing of this Order, the counter-claim against Eric Yollick shall be deemed to be set forth in a pleading filed on February 25, 2005 entitled "Debtor's Second Amended Counter-Claim Against Eric Yollick."[4]

Debtor's Second Amended Counter-Claim Against Eric Yollick asserts causes of action for fraud, common law fraud, negligence, gross negligence, unlawful civil conspiracy, breach of fiduciary duties, conversion, and "intentional actions" against Yollick in his individual capacity.[5] On March 23, 2005, Yollick filed a Notice of Appeal,[6] and on March 24, 2005, Yollick filed the pending Motion for Leave to Appeal (Docket Entry No. 46 in the Adversary Action).[7]

## II.  Standard of Review

The Bankruptcy Court's order granting Sisco leave to file counterclaims is not a final judgment, order, or decree immediately

---

[4] Order Granting Leave to File Debtor's Counter-Claim; and Extend Scheduling Order Dates/Deadlines and to Continue Trial, Docket Entry No. 32 in the Adversary Action.

[5] See Docket Entry No. 25 in the Adversary Action.

[6] See Docket Entry No. 45 in the Adversary Action.

[7] See Docket Entry No. 46 in the Adversary Action.

appealable as a matter of right under 28 U.S.C. § 158(a)(1) but, instead, an interlocutory order of the Bankruptcy Court subject to appeal only if the district grants leave to appeal.  28 U.S.C. § 158(a)(3).  Section 158(a)(3) does not contain, and the Fifth Circuit has not expressly adopted, criteria for district courts to apply when considering a motion for leave to appeal a bankruptcy court's interlocutory order.  See Matter of Ichinose, 946 F.2d 1169, 1177 (5th Cir. 1991).  However, the Fifth Circuit has recognized that district courts facing the issue often apply the standard governing interlocutory appeals of district court orders. Id. (citing 28 U.S.C. § 1292(b)).  Under this standard the appeal must involve:  (1) a controlling issue of law; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation.  Id.  The parties agree that 28 U.S.C. § 1292(b) provides the correct standard for analyzing the pending motion for leave to appeal.[8]

---

[8]See Yollick's Motion for Leave to Appeal, Docket Entry No. 46 in the Adversary Action, ¶ 39; Sisco's Response to Yollick's Motion for Leave to Appeal, Docket Entry No. 57 in the Adversary Action, p. 6.  In pertinent part 28 U.S.C. § 1292(b) states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The court of Appeals which would
> (continued...)

### III. Discussion

Sisco argues that the Bankruptcy Court's interlocutory order is not appealable because the test established by 28 U.S.C. § 1292(b) has not and cannot be met in this case.[9] As the party seeking leave to appeal, Yollick bears the burden of demonstrating that all three elements of the § 1292(b) standard have been satisfied. See <u>Clark-Dietz and Associates-Engineers, Inc. v. Basic Construction Co.</u>, 702 F.2d 67, 69 (5th Cir. 1983) (quoting <u>In re Heddendorf</u>, 263 F.2d 887, 889 (1st Cir. 1959) (the court "must necessarily rely upon the would-be appellant to supply in his petition, or in a supporting memorandum attached thereto . . . a statement of the precise nature of the controlling question of law involved, together with a brief argument showing the grounds for the asserted difference of opinion and the way in which the allowance of the petition would 'materially advance the ultimate termination of the litigation'")). Although Yollick has identified the proper standard, he has failed to carry his burden of showing that the review he seeks involves a controlling question of law about which there is substantial ground for difference of opinion or that an immediate appeal of the order will materially advance the ultimate termination of the litigation.

---

[8](...continued)
have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order. . .

[9]Debtor Jon A. Sisco's Response to Eric Yollick's Motion for Leave to Appeal, Docket Entry No. 57 in the Adversary Action, p. 5.

Yollick argues that the Bankruptcy Court "does not have jurisdiction to consider claims against a personal representative of a probate estate under state law, since there is no jurisdiction in federal courts for proceedings of a probate character,"[10] and because "[t]he probate exception to federal court jurisdiction protects a state probate court's in rem jurisdiction over all claims either against or on behalf of the decedent's estate."[11] Sisco argues that the Bankruptcy Court's interlocutory order is not appealable because

> Yollick does not identify a "controlling question of law" and the truth is, Bankruptcy Judge Bohm, after analyzing the claims and issues raised in Sisco's Counterclaim against Yollick individually, found that the Counterclaim raised "core" bankruptcy matters under 28 U.S.C. § 157(b)(2).  That is, Judge Bohm, in his discretion, made underlying factual determinations that the matters and claims alleged in the Counterclaim are "related to" the bankruptcy proceeding, and could have an effect on Sisco's bankruptcy estate. . . Since Judge Bohm's Order is based on underlying factual issues and findings, the § 1292(b) test cannot be met for this reason alone.[12]

The court agrees.

Yollick seeks leave to appeal the Bankruptcy Court's grant of Sisco's motion for leave to file counterclaims.  Motions for leave to file counterclaims are governed by Fed. R. Civ. P. 13(f), which

---

[10] See Yollick's Motion for Leave to Appeal, Docket Entry No. 46 in the Adversary Action, ¶ 42.

[11] Id. at ¶ 43.

[12] Debtor Jon A. Sisco's Response to Eric Yollick's Motion for Leave to Appeal, Docket Entry No. 57 in the Adversary Action, p. 6.

is incorporated into the Bankruptcy Code by Bankruptcy Rule 7013. Rule 13(f) provides that, "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence or excusable neglect, or when justice requires, the pleader may by leave of court set up the counterclaim by amendment." Fed. R. Civ. P. 13(f). The grant or denial of such a motion to amend is subject to reversal only for abuse of discretion. See also McLemore v. Landry, 898 F.2d 996, 1003 (5th Cir.), cert. denied, 111 S.Ct. 428 (1990). Matters regarding the exercise of judicial discretion do not fall within the ambit of controlling questions of law. See Garner v. Wolfinbarger, 430 F.2d 1093, 1097 (5th Cir. 1970), cert. denied, 91 S.Ct. 1191 (1971) (distinguishing controlling question of law from "a question of fact or matter for the discretion of the trial court"); J.C. Trahan Drilling Contractor, Inc. v. Sterling, 335 F.2d 65, 66-67 (5th Cir. 1964) (dismissing interlocutory appeal that did not involve controlling question of law within the meaning of Section 1292(b) but merely an exercise of discretion).

Although "[q]uestions concerning jurisdiction are questions of law," In re Mirant Corp., 379 F.3d 511, 517 (5th Cir. 2004), Yollick does not argue that the Bankruptcy Court's application of the facts to the law that underlie its conclusion that Sisco's counterclaims fall within its jurisdiction raises either a controlling question of law or a question of law upon which there is substantial ground for difference of opinion. Nor does Yollick

argue that an immediate appeal of the Bankruptcy Court's decision will materially advance the ultimate termination of the adversary action.  Yollick's motion for leave to appeal does no more than present his disagreement with the Bankruptcy Court's decision.  An interlocutory appeal does not lie simply to determine the correctness of a bankruptcy court's decision allowing a debtor to assert a counterclaim.  See Clark-Dietz, 702 F.2d at 68.

While the court's analysis of this issue must constitute more than a "mechanical application of labels such as 'discretionary' or 'non-discretionary,'" see Katz v. Carte Blanche Corp., 496 F.2d 747, 756 (3d Cir. 1974), the court cannot grant Yollick's motion for leave to appeal without concluding that doing so comports with the policy of permitting interlocutory appeals for the purpose of minimizing the total burdens of litigation on parties and the judicial system by accelerating or at least simplifying trial court proceedings.  See In re Hunt International Resources Corp., 57 B.R. 371, 372 (N.D. Tex. 1985) (leave to appeal an interlocutory order of a bankruptcy court "should be granted only where circumstances are present that justify overriding the general policy of not allowing such appeals"); In re Global Marine, Inc., 108 B.R. 1007, 1009 (S.D. Tex. 1988) ("[i]n considering whether to review this interlocutory order, the court takes due notice of the strong policy behind the finality requirement, which favors avoiding piecemeal appeals, interference with the bankruptcy administration,

and waste of judicial resources"). Yollick does not present, and the court does not find, reasons for concluding that the Bankruptcy Court's decision granting Sisco leave to file a counterclaim either satisfies the standard stated in 28 U.S.C. § 1292(b) or presents circumstances that justify transcending the general rule that review of interlocutory orders is not allowed.

## IV.  Conclusions and Order

For the reasons explained above, Yollick's Motion for Leave to Appeal (Docket Entry No. 46 in the Adversary Action) is **DENIED**, and this action will be dismissed.

**SIGNED** at Houston, Texas, on this the 9th day of June, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE